UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| CARLOS SMITH,<br><br>        Plaintiff,<br><br>    v.<br><br>LARRY DILEO, et al.,<br><br>        Defendants. | CASE NO. 1:14-cv-0429-MJS (PC)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF NO. 1)**<br><br>**AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS** |
|---|---|

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983.

Plaintiff has consented to Magistrate Judge jurisdiction. His complaint is before the Court for screening.

**I.      SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court

determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.   PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

### III. PLAINTIFF'S ALLEGATIONS

Plaintiff complains of acts that occurred during his incarceration at Kern Valley State Prison ("KVSP"). Plaintiff names as Defendants (1) Dr. Larry Dileo, (2) Dr. S. Lopez, (3) M. Raifu, a Licensed Vocational Nurse, (4) R. Michael Hutchison, Chief Executive Officer for Health Care Appeals, (5) L.D. Zamora, Chief of Inmate Appeals for the California Department of Corrections and Rehabilitation ("CDCR"), (6) Dr. C.K. Chen, and (7) J. Todd, Health Care Appeals Coordinator.

Plaintiff's allegations can be summarized essentially as follows:

Plaintiff is diagnosed with "the most dangerous and lethal type" of Hepatitis C.

On May 25, 2012, Plaintiff made his third request for Hepatitis C treatment, which Defendant Chen denied for budgetary reasons. Plaintiff appealed this decision, but Defendant Todd improperly "screened out" Plaintiff's appeal forms in an attempt to hinder Plaintiff's access to the courts. Plaintiff's appeal eventually was processed and was denied by Defendant Raifu. Defendant Hutchinson denied Plaintiff's second level appeal. Defendant Zamora denied Plaintiff's appeal to the Director's Level of Review and improperly adopted "the previous level's responses."

In May 2013, Plaintiff spoke with Defendant Lopez regarding his lack of treatment and was informed that Plaintiff was disqualified from treatment because he was not in severe pain due to liver distress or failure.

In November 2013, Plaintiff spoke with Defendant Dileo regarding his lack of treatment and was informed that he would receive treatment "when he was close to liver failure."

Plaintiff alleges that Defendants' conduct violated his Eighth Amendment right to be free from cruel and unusual punishment and his Fourteenth Amendment due process

rights. Plaintiff seeks general and punitive damages, and an injunction ordering treatment to cure his Hepatitis C, administration of Hepatitis vaccines, and transfer to another CDCR facility for treatment.

## IV. ANALYSIS

### A. Medical Indifference

A claim of medical indifference requires (1) a serious medical need, and (2) a deliberately indifferent response by defendant. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). The deliberate indifference standard is met by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Id. Where a prisoner alleges deliberate indifference based on a delay in medical treatment, the prisoner must show that the delay led to further injury. See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002); McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992); Shapley v. Nevada Bd. Of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam). Delay which does not cause harm is insufficient to state a claim of deliberate medical indifference. Shapley, 766 F.2d at 407 (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Plaintiff's allegation that he has been diagnosed with Hepatitis C is sufficient to show a serious medical need. Jett, 439 F.3d at 1096 (a "serious medical need" may be shown by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain'"); McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992) ("The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the

4

existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.").

However, Plaintiff does not allege that the delay of treatment is harmful or caused him any injury. Thus, Plaintiff fails to state a cognizable claim for deliberate indifference by any of the named Defendants.

The Court will provide Plaintiff an opportunity to amend. If he chooses to amend he must allege facts demonstrating how each Defendant knowingly denied, delayed, or interfered with treatment of his serious medical needs, or knowingly provided medically unacceptable care, resulting in harm to Plaintiff.

**B.     Due Process**

Plaintiff's complaint does not advise the Court of the basis for his due process claim. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Under this standard, Plaintiff's Complaint fails to state any cognizable due process claim.

To the extent Plaintiff's due process claim is based on alleged deficiencies in the administrative appeals process, it fails as a matter of law. A prisoner has no substantive right to a prison grievance system and, therefore, due process claims based on the denial of or interference with a prisoner's access to a prison grievance system are not cognizable. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

**C.     Access to the Courts**

Plaintiff has a constitutional right of access to the courts, and prison officials may not actively interfere with his right to litigate. Silva v. Di Vittorio, 658 F.3d 1090, 1101-02

5

(9th Cir. 2011). However, to state a viable claim for relief, Plaintiff must allege he suffered an actual injury, i.e., prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. Lewis v. Casey, 518 U.S. 343, 349 (1996).

Plaintiff's allegation that Defendant Todd improperly screened his administrative appeal is insufficient to show an interference with Plaintiff's right to litigate. Plaintiff has not alleged any facts which support a claim that he was denied his right of access to the courts.

## V.     CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d

55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1.  The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his Complaint, filed March 26, 2014;

2.  Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

3.  Plaintiff shall file an amended complaint within thirty (30) days; and

4.  If Plaintiff fails to file an amended complaint in compliance with this order, the Court will dismissed this action, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated:   July 2, 2014              /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE