UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS SMITH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LARRY DILEO, et al.,<br><br>　　　　Defendants. | CASE NO. 1:14-cv-0429-MJS (PC)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF NO. 7)**<br><br>**AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction. No other parties have appeared in the action.

The Court screened Plaintiff's complaint (ECF No. 1), dismissed it for failure to state a claim, but gave leave to amend. (ECF No. 6.) Plaintiff has since filed a first amended complaint (ECF No. 7), which is before the Court for screening.

**I.　SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which

relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.   PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

### III. PLAINTIFF'S ALLEGATIONS

Plaintiff complains of acts that occurred during his incarceration at Kern Valley State Prison ("KVSP"). Plaintiff names as Defendants (1) Dr. C.K. Chen, (2) Dr. S. Lopez, and (3) Dr. Larry Dileo.

Plaintiff's allegations can be summarized essentially as follows:

Plaintiff is diagnosed with "the most dangerous and lethal type" of Hepatitis C.

On May 25, 2012, Plaintiff made his third request for Hepatitis C treatment, which Defendant Chen denied for budgetary reasons.

In May 2013, Plaintiff spoke with Defendant Lopez regarding his lack of treatment and was informed that Plaintiff was disqualified from treatment because he was not in severe pain due to liver distress or failure.

In November 2013, Plaintiff spoke with Defendant Dileo regarding his lack of treatment and was informed that he would receive treatment "when he was close to liver failure."

Plaintiff complained to each of the Defendants regarding his substantial pain. Because he has not received treatment, he is limited in his ability to "clean his cell and body" and suffers ongoing pain.

Plaintiff seeks compensatory and punitive damages, an injunction ordering immediate medical treatment, a declaratory ruling that Defendants' actions violated his constitutional rights, and the issuance of "GSA Bonds."

### IV. ANALYSIS

#### A. Medical Indifference

A claim of medical indifference requires (1) a serious medical need, and (2) a deliberately indifferent response by defendant. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). The deliberate indifference standard is met by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Id. Where a prisoner alleges deliberate indifference based on a delay in

medical treatment, the prisoner must show that the delay led to further injury. See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002); McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992); Shapley v. Nevada Bd. Of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam). Delay which does not cause harm is insufficient to state a claim of deliberate medical indifference. Shapley, 766 F.2d at 407 (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (brackets omitted) (quoting Gibson, 290 F.3d at 1188). Mere indifference, negligence, or medical malpractice is not sufficient to support the claim. Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle v. Gamble, 429 U.S. 87, 105-06 (1976)).

Plaintiff's allegation that he has been diagnosed with Hepatitis C is sufficient to show a serious medical need. Jett, 439 F.3d at 1096 (a "serious medical need" may be shown by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain'"); McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992) ("The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.").

However, the complaint does not sufficiently allege that Defendants knowingly denied and delayed medically necessary care or knowingly provided unacceptable

4

medical care. See Toguchi, 391 F.3d at 1058–60 (9th Cir. 2004). Plaintiff complains that Defendants did not treat his Hepatitis C, but his allegations reflect that Defendants believed Plaintiff was not a proper candidate for the requested treatment. These allegations reflect Plaintiff's disagreement with the treatment provided. They do not suggest Defendants acted maliciously or with a conscious disregard of a serious risk Plaintiff might be harmed by their action or inaction. Rather it appears Defendants provided care consistent with their medical judgment and that Plaintiff simply disagrees with the choices Defendants made for his care and treatment.

Plaintiff's disagreement with the treatment decisions and his belief that he should have received treatment, without more, is not a basis for an inadequate medical care claim unless the treatment chosen is medically unacceptable and in conscious disregard of an excessive risk to the prisoner's health. See Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996). Nothing suggests Defendants intentionally provided medically unacceptable care. So long as his treatment was adequate, that Plaintiff might have preferred different treatment does not give rise to a Fourteenth Amendment violation. Evan v. Manos, 336 F. Supp. 2d 255, 261 (W.D.N.Y. 2004); see also Veloz v. New York, 339 F. Supp. 2d 505, 521 (S.D.N.Y. 2004) ("To establish deliberate indifference, plaintiff must demonstrate that the defendants actually wished him harm, or at least, were totally unconcerned with his welfare." (brackets omitted) (citing Hathaway v. Coughlin, 37 F.3d 63, 69 (2d Cir. 1994))).

Likewise the facts are insufficient to support an inference that Defendants' inaction caused Plaintiff further injury. See McGuckin, 974 F.2d at 1060 (any alleged delay in receiving medical treatment must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs) (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)). It is not apparent that the limitations on Plaintiff's daily activities and his ongoing pain have

increased as a result of the lack of treatment, or that Plaintiff is at risk for any further harm.

Plaintiff has not alleged sufficient facts for the Court to determine that his complaint alleges more than a mere difference of opinion regarding appropriate treatment and pain medication. Plaintiff will be given **one more opportunity** to amend his complaint. If Plaintiff chooses to amend, he must allege facts demonstrating that Defendants knowingly denied, delayed, or interfered with treatment of his serious medical needs, or knowingly provided medically unacceptable care, in conscious disregard of an excessive risk to Plaintiff's health and resulting in harm to Plaintiff.

### B.    Injunctive Relief

Plaintiff's request for immediate medical treatment falls within the category of requests for injunctive relief.

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Def. Council, 555 U.S. 7, 22 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter, 555 U.S. at 20). The Court does not have jurisdiction to order injunctive relief which would require directing parties not before the Court to take action. Zepeda v. United States Immigration & Naturalization Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

Plaintiff has failed to show that he is likely to succeed on the merits since at this stage of the proceedings he has failed to state a cognizable claim.

Plaintiff fails to suggest a real and immediate threat of irreparable injury. See City of Los Angeles v. Lyons, 461 U.S. 95, 101–102 (1983) (plaintiff must show "real and immediate" threat of injury, and "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present, adverse effects."). Although Plaintiff states that he is limited in his daily activities and continues to suffer pain, there is nothing to indicate that his condition will worsen without the requested treatment, or that the treatment will improve his medical complaints.

Plaintiff does not address the third or fourth elements, the balancing of equities and public interest concerns. Absent a cognizable claim, there is nothing to tip the balance of equities in Plaintiff's favor. And, while the public has an interest in providing inmates with constitutionally adequate care, the record before the Court does not justify the Court substituting its judgment regarding Plaintiff's medical treatment for that of medical staff.

The various criteria not having been met, Plaintiff is not entitled to injunctive relief.

**C.     Declaratory Relief**

In addition to damages, Plaintiff seeks declaratory relief, but because his claims for damages necessarily entail a determination whether his rights were violated, his separate request for declaratory relief is subsumed by those claims. Rhodes v. Robinson, 408 F.3d 559, 566 n.8 (9th Cir. 2005). Therefore, this action properly proceeds as one for damages only.

**V.     CONCLUSION AND ORDER**

Plaintiff's Complaint does not state a claim for relief. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"

Id. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his first amended complaint, filed August 7, 2014;

2. Plaintiff's first amended complaint (ECF No. 7) is DISMISSED for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will dismissed this action, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated: September 9, 2014                    /s/ *Michael J. Seng*
                                            UNITED STATES MAGISTRATE JUDGE