UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS SMITH,<br><br>                Plaintiff,<br><br>     v.<br><br>LARRY DILEO, et al.,<br><br>                Defendants. | CASE NO. 1:14-cv-0429-MJS (PC)<br><br>**ORDER DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM (ECF No. 9)**<br><br>**ORDER GRANTING IN PART MOTION FOR RECORDS (ECF No. 10)**<br><br>**DISMISSAL COUNTS AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(g)**<br><br>**CLERK TO TERMINATE ALL PENDING MOTIONS AND CLOSE CASE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction. No other parties have appeared in the action.

The Court screened Plaintiff's complaint (ECF No. 1), and dismissed it for failure to state a claim, but gave leave to amend. (ECF No. 6.) Plaintiff filed a first amended complaint (ECF No. 7), which also was dismissed, with leave to amend, for failure to state a claim (ECF No. 8). Plaintiff since has filed a second amended complaint, which is before the Court for screening. (ECF No. 9.) Also before the Court is Plaintiff's motion for records. (ECF No. 10.)

## I. THE COMPLAINT

### A. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

### B. Pleading Standard

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S.

662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

### C.     Plaintiff's Allegations

Plaintiff is incarcerated at Kern Valley State Prison ("KVSP"), where the acts giving rise to his complaint occurred. Plaintiff names as Defendants (1) Dr. C.K. Chen, (2) Dr. S. Lopez, and (3) Dr. Larry Dileo.

Plaintiff's allegations can be summarized essentially as follows:

Plaintiff is diagnosed with "the most dangerous and lethal type" of Hepatitis C. He is in severe pain.

He submitted multiple health care requests seeking curative treatment and pain management. Defendants denied him care and did not provide him pain management.

As a result, Plaintiff has discomfort that impedes his ability to function independently. He is at risk for liver distress or failure.

Plaintiff seeks a declaratory judgment that his constitutional rights were violated, compensatory and punitive damages, an injunction ordering immediate medical treatment, and the deposit of "GSA Bonds."

Attached to Plaintiff's complaint are a GSA Standard Form 24 Bid Bond, Standard Form 25 Performance Bond, and Standard Form 25A Payment Bond, signed by Plaintiff as Principal, and an individual named Sean Pierce as surety. Plaintiff does not explain the significance of these attachments.

### D.     Analysis

#### 1.     Medical Indifference

A claim of medical indifference requires (1) a serious medical need, and (2) a deliberately indifferent response by defendant. Jett v. Penner, 439 F.3d 1091, 1096 (9th

3

1  Cir. 2006). The deliberate indifference standard is met by showing (a) a purposeful act or
2  failure to respond to a prisoner's pain or possible medical need and (b) harm caused by
3  the indifference. Id. Where a prisoner alleges deliberate indifference based on a delay in
4  medical treatment, the prisoner must show that the delay led to further injury. See Hallett
5  v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002); McGuckin v. Smith, 974 F.2d 1050,
6  1060 (9th Cir. 1992); Shapley v. Nevada Bd. Of State Prison Comm'rs, 766 F.2d 404,
7  407 (9th Cir. 1985) (per curiam). Delay which does not cause harm is insufficient to state
8  a claim of deliberate medical indifference. Shapley, 766 F.2d at 407 (citing Estelle v.
9  Gamble, 429 U.S. 97, 106 (1976)).

10  "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d
11  1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be
12  aware of the facts from which the inference could be drawn that a substantial risk of
13  serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting
14  Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "'If a prison official should have been
15  aware of the risk, but was not, then the official has not violated the Eighth Amendment,
16  no matter how severe the risk.'" Id. (brackets omitted) (quoting Gibson, 290 F.3d at
17  1188). Mere indifference, negligence, or medical malpractice is not sufficient to support
18  the claim. Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle v.
19  Gamble, 429 U.S. 87, 105-06 (1976)).

20  Plaintiff's allegation that he has been diagnosed with Hepatitis C is sufficient to
21  show a serious medical need. Jett, 439 F.3d at 1096 (a "serious medical need" may be
22  shown by demonstrating that "failure to treat a prisoner's condition could result in further
23  significant injury or the 'unnecessary and wanton infliction of pain'"); McGuckin v. Smith,
24  974 F.2d 1050, 1059-60 (9th Cir. 1992) ("The existence of an injury that a reasonable
25  doctor or patient would find important and worthy of comment or treatment; the presence
26  of a medical condition that significantly affects an individual's daily activities; or the

existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.").

However, the complaint does not sufficiently allege that Defendants knowingly denied and delayed medically necessary care or knowingly provided unacceptable medical care. See Toguchi, 391 F.3d at 1058-60 (9th Cir. 2004). Plaintiff's allegations do not explain what information he conveyed to Defendants, how Defendants responded, or the reasons, if any, given for the decision not to provide the treatment Plaintiff requested. The allegations do not provide a basis for concluding that Defendants acted maliciously or with conscious disregard for Plaintiff's serious medical need.

Plaintiff's disagreement with the treatment decisions and his belief that he should have received treatment, without more, is not a basis for an inadequate medical care claim unless the course of treatment chosen is medically unacceptable and in conscious disregard of an excessive risk to the prisoner's health. See Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996). Nothing suggests Defendants intentionally provided medically unacceptable care. Evan v. Manos, 336 F. Supp. 2d 255, 261 (W.D.N.Y. 2004); see also Veloz v. New York, 339 F. Supp. 2d 505, 521 (S.D.N.Y. 2004) ("To establish deliberate indifference, plaintiff must demonstrate that the defendants actually wished him harm, or at least, were totally unconcerned with his welfare." (brackets omitted) (citing Hathaway v. Coughlin, 37 F.3d 63, 69 (2d Cir. 1994))). Plaintiff's allegations are insufficient to allege anything other than a difference of opinion regarding appropriate treatment and pain medication.

Plaintiff was advised of these deficiencies in the Court's prior screening orders. (ECF Nos. 6 & 10.) His failure to cure these deficiencies reasonably is construed as reflecting an inability to do so. Further leave to amend would be futile and will be denied.

**2.     Injunctive Relief**

Plaintiff's request for immediate medical treatment falls within the category of requests for injunctive relief.

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Def. Council, 555 U.S. 7, 22 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter, 555 U.S. at 20). The Court does not have jurisdiction to order injunctive relief which would require directing parties not before the Court to take action. Zepeda v. United States Immigration & Naturalization Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

Plaintiff has failed to show that he is likely to succeed on the merits since at this stage of the proceedings he has failed to state a cognizable claim. Absent a cognizable claim, Plaintiff is not entitled to injunctive relief.

### 3. GSA Bonds

The Court is unable to discern the relevance of the GSA Standard Forms included with Plaintiff's complaint, or his request for the deposit of GSA Bonds. These forms, and the related bonds, are designed to meet contracting requirements for federal acquisitions. See 48 C.F.R. § 53.228. Plaintiff's claims do not involve federal acquisitions or contracting. Plaintiff has not stated a cognizable claim with respect to any GSA bonds.

## II. REQUEST FOR RECORDS

Plaintiff has submitted a request for records under the Freedom of Information Act, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a(d)(1). Plaintiff seeks the "'Second Amended Complaint' and GSA/Bond(s)' Information and Bonding Certification . . . of records that are secured and maintained by your Department and/or

Agency." More specifically, Plaintiff seeks information relating to bonds he believes are implicated in this case and the individuals or entities that hold and secure those bonds.

As a preliminary matter, the Freedom of Information Act ("FOIA") requires federal agencies to make certain information available to the public. 5 U.S.C. § 552. The Privacy Act prohibits federal agencies from disclosing certain personal records without an individual's consent, and also provides a means for an individual to access his or her records maintained by a federal agency. 5 U.S.C. § 552a(d)(1). The Judicial Branch and the Federal Courts are not agencies, and thus FOIA and the Privacy Act are inapplicable to court records.

Additionally, the only records on the Court's docket are those filed by Plaintiff and by the Court. Aside from the bond forms attached to Plaintiff's second amended complaint (ECF No. 9), no other bond records have been filed. To the extent Plaintiff requests a copy of the second amended complaint, his request will be granted. However, to the extent Plaintiff seeks additional records that do not exist, his request will be denied.

## III.    CONCLUSION AND ORDER

Plaintiff's second amended complaint does not state a claim upon which relief may be granted. Plaintiff was advised in the prior screening orders of deficiencies in his claims and was given the opportunity to correct them. Plaintiff has failed to do so, and no useful purpose would be served in allowing yet another opportunity to amend.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for records (ECF No. 10) is GRANTED IN PART;
2. The Clerk of Court shall send Plaintiff a copy of his second amended complaint (ECF No. 9), filed October 14, 2014;
3. The action is DISMISSED WITH PREJUDICE for failure to state a claim;
4. Dismissal shall count as a strike pursuant to the "three strikes" provision set forth in 28 U.S.C. § 1915(g); and

5. The Clerk of Court shall terminate all pending motions and CLOSE this case.

IT IS SO ORDERED.

Dated: __November 21, 2014__          /s/ *Michael J. Seng*
                                      UNITED STATES MAGISTRATE JUDGE